IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LJUMNIE BALAZHI and,<br>SHAZIMAN BALAZHI, for himself<br>and on behalf of his Minor Child, A.B.,<br><br>Plaintiffs,<br><br>vs.<br><br>ALLSTATE PROPERTY AND<br>CASUALTY INSURANCE<br>COMPANY,<br><br>Defendant. | Case No. 3:19-cv-00241-JMK<br><br>**ORDER DENYING PLAINTIFFS'**<br>**MOTION TO COMPEL DISCOVERY** |

      Plaintiffs Ljumnie Balazhi, Shaziman Balazhi, and A.B. move the Court to compel Defendant Allstate Property and Casualty Insurance Company (Allstate) "to provide full and complete responses to plaintiffs' interrogatories and requests for production."[1] Allstate responded in opposition[2] and Plaintiffs replied.[3] Oral argument was held before this Court on November 17, 2020.[4]

      Specifically, in its Memorandum in Support of Motion to Compel Discovery, Plaintiffs allege Allstate has not provided "meaningful or complete responses to Interrogatory

---

[1] Docket 33 at 1.
[2] Docket 36.
[3] Docket 40.
[4] Docket 53.

Nos. 1–5, 8, 10 or 12" and "provided incomplete responses to Production Requests Nos. 2–9, 11, and 14."[5] However, in its proposed Order Granting Plaintiff's Motion to Compel Discovery, Plaintiffs request responses to "Interrogatory Nos. 1–5, 7–12 and 14 and Requests for Production Nos. 1–9, 11, and 13–18."[6] Setting aside these numerical discrepancies, Plaintiffs' objections boil down to two distinct legal arguments. First, Plaintiffs allege that Allstate, in its responses, is required to identify with specificity precisely which documents are responsive to each interrogatory and request for production.[7] Second, Plaintiffs allege that because they plan to bring an action for bad faith against Allstate, it must produce "training manuals and it[s] policies and procedures relevant to the consideration of [underinsured motorist] claims."[8]

Allstate responded that Plaintiffs have failed to meet and confer in accordance with Rule 37 of the Federal Rules of Civil Procedure regarding this discovery dispute.[9] On the merits, Allstate alleges Plaintiffs' Motion is unsupported because "there is no recognized authority that requires Allstate to identify documents with any specific degree of particularity."[10] Further, Allstate contends that Plaintiffs have not demonstrated that they are entitled to information regarding Allstate's claim policies and training manuals, personnel files, or claims made against Allstate by other parties.[11] While the Court can find that the parties have satisfactorily met and conferred, it does not find that Allstate has run afoul of its discovery obligations.

---

[5] Docket 33-1 at 2.
[6] Docket 33-8 at 1.
[7] Docket 33-1 at 3.
[8] *Id.* at 7.
[9] Docket 36 at 5.
[10] *Id.*
[11] *Id.* at 12.

*Balazhi v. Allstate Property and Casualty Insurance Company*  Case No. 3:19-cv-00241-JMK
Order Denying Plaintiffs' Motion to Compel Discovery  Page 2
Case 3:19-cv-00241-JMK   Document 73   Filed 03/23/21   Page 2 of 7

## I. Duty to Meet and Confer

At oral argument, this Court ordered the parties to further attempt to meet and confer to resolve the issues raised in Plaintiffs' Motion to Compel Discovery at Docket 33. On December 14, 2020, the parties reported that they met by phone and exchanged correspondence, but were unable to resolve any of the outstanding discovery issues.[12] Federal Rule of Civil Procedure 37 requires a certification that "the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[13] The Court finds that the parties' subsequent attempts to resolve their discovery disputes are consistent with the spirit of Rule 37. The Court, thus, will consider Plaintiffs' Motion on the merits.

## II. Identification of Specific Documents Responsive to Plaintiff's Interrogatories and Requests for Production

Plaintiffs allege that Allstate's answers to its interrogatories are not complete because Allstate does not "provide specific responses," but instead "references their initial disclosures . . . le[aving] it up to the plaintiffs to determine which of the numerous documents produced in Allstate's initial disclosures should be considered responsive to the specific requests."[14] Rule 33 of the Federal Rules of Civil Procedure, in relevant part, provides:

> [i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by[] specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and [] giving the interrogating party a reasonable opportunity to examine and audit the records[.][15]

---

[12] Docket 58 at 2–3.
[13] Fed. R. Civ. P. 37.
[14] Docket 33-1 at 2–3.
[15] Fed. R. Civ. P. 33(b)(d).

*Balazhi v. Allstate Property and Casualty Insurance Company*     Case No. 3:19-cv-00241-JMK
Order Denying Plaintiffs' Motion to Compel Discovery     Page 3

Case 3:19-cv-00241-JMK   Document 73   Filed 03/23/21   Page 3 of 7

Plaintiffs cite to *Zapata v. IBP, Inc.*, for their assertion that "Allstate's reference to previously produced documents without specifying which document it considered as responsive to a particular interrogatory or request for production was non-responsive."[16] However, *Zapata* is not binding on this Court and Plaintiffs do not cite to any Ninth Circuit precedent to support this assertion. Further, the Court finds the reasoning in *McKie v. Sears Protection Co.*[17] more persuasive.

In *McKie,* the Court found that "[t]he Advisory Committee notes to Rule 33(d) make clear that a party permitted to offer records in lieu of answering an interrogatory must offer them in a manner that permits the same direct and economical access that is available to the party" but "where one of the parties must undertake the task of compiling the information and the records presented are not voluminous or indecipherable, 'the interrogating party should bear the responsibility of compiling the information.'"[18] Here, it appears that Allstate already has produced the information sought by Plaintiffs and identified a specific group of documents, known as the "claim file," which contains the information sought.[19] Plaintiffs do not argue that Allstate is withholding information, but instead that Allstate must identify with enhanced specificity the location of each piece of information requested. Here, Plaintiffs seek information such as the "actions taken by defendant to investigate claims and damages of each of the plaintiffs"; the "persons involved in the investigation and handling of plaintiffs' claim for underinsured motorist

---

[16] *See generally Zapata v. IBP, Inc.*, No. CIV.A. 93-2366-EEO, 1997 WL 50474 (D. Kan. Feb. 4, 1997); Docket 33-1 at 7.
[17] *McKie v. Sears Protection Co.*, No. CV 10-1531-PK, 2011 WL 1670910, *1 (D. Or. 2011).
[18] *Id.* (internal quotation marks omitted) ("the rationale behind Rule 33(d) is to shift the burden of compiling the information and, accordingly, ascertaining the answer, from the producing party to the interrogating party.") (citing to *Sadofsky v. Fiesta Products, LLC*, 252 F.R.D. 143, 148 (E.D. N.Y. 2008)).
[19] Docket 36 at 7; *McKie,* 2011 WL 1670910 at *1 (finding that "[c]ase law suggests that Rule 33(d) does not permit the responding party to create an unequal burden for the receiving party, for example, by declining to supply an already-existing compilation that answers the interrogatories or by producing a mass of records that can only be deciphered by the responder.") (citation omitted).

*Balazhi v. Allstate Property and Casualty Insurance Company*     Case No. 3:19-cv-00241-JMK
Order Denying Plaintiffs' Motion to Compel Discovery     Page 4

Case 3:19-cv-00241-JMK   Document 73   Filed 03/23/21   Page 4 of 7

benefits arising from the automobile collision"; the "date, author, and [] any estimates, medical, appraisals, and other reports generated as a result of your investigation of plaintiffs' UIM claims."[20] Allstate contends that all of the information requested is available to Plaintiffs in its initial disclosures, and that the "burden of ascertaining the answer from records produced [is] substantially the same for plaintiffs as it was for Allstate."[21] The Court has not directly reviewed the initial disclosures that were provided to Plaintiffs; however, based on the testimony of the parties at oral argument, it appears that Allstate has not placed an unequal burden on Plaintiffs, especially when Plaintiffs have given no indication to this Court that they have attempted to locate the information they seek.[22] Although somewhat voluminous at 4,000 pages, the Court agrees that the information sought by Plaintiffs (names and roles of claim adjusters, steps taken to resolve Plaintiffs' claims, investigations into claims undertaken by adjusters) is just as burdensome for Plaintiffs to locate as it is for Allstate. Further, Allstate has not produced an unmanageable number of documents and has cited to a discrete group of documents and provided Bates numbers.[23] Requiring Allstate to identify documents with the degree of specificity demanded by Plaintiffs effectively would result in requiring Allstate to do the work that Plaintiffs are expected to perform. This is not what Rule 33(d) compels.

### III. Requests for Production

Plaintiffs also allege that Allstate must produce "Allstate's policies and procedures"; "claims and training manuals applicable at the time of their consideration of plaintiffs' UIM claims"; "complaints filed against Allstate"; and "internal training documents

---

[20] Docket 33-3 at 4–7.
[21] Docket 36 at 9.
[22] See *Pacificorp v. Northwest Pipeline GP*, No. 3:10-cv-00099-PK, 2011 WL 13371602 at *3 (D. Or. Nov. 9, 2011) (finding plaintiff properly responded to defendant's interrogatories and requests for production by providing a well-organized 700-page binder of documents).
[23] Docket 36 at 7–8.

*Balazhi v. Allstate Property and Casualty Insurance Company*  Case No. 3:19-cv-00241-JMK
Order Denying Plaintiffs' Motion to Compel Discovery  Page 5

Case 3:19-cv-00241-JMK   Document 73   Filed 03/23/21   Page 5 of 7

relevant to UIM claims and the claims adjuster handling their claims."[24] Federal Rule of Civil Procedure 26(b)(1), in relevant part, provides

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the party's access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden and expense of the proposed discovery outweighs its likely benefit.

Therefore, to meet the first part of this standard, the information sought must be relevant to a party's claim or defense.[25] Although Plaintiffs cite to a number of cases in support of their proposition that "Allstate has been required to produce claims manuals and claims procedure," none of those cases are binding on this Court.[26] More importantly, Plaintiffs have failed to show how the documents they seek are relevant to their case. Given the ambiguity of Plaintiffs' blanket assertion that they "seek discoverable information in a bad faith action," this Court is not well-positioned to judge the relevance of Allstate's claims manuals to Plaintiffs' claim.[27] Without more information, the Court cannot justify compelling unfettered production of Allstate's potentially privileged and proprietary training and claims handling materials. The Court, therefore, must exercise its discretion in denying Plaintiffs' motion.[28]

## CONCLUSION

Based on the foregoing, Plaintiffs' Motion to Compel at **Docket 33** is **DENIED.**

---

[24] Docket 33-1 at 3–4.
[25] Fed. R. Civ. P. 26(b)(1).
[26] Docket 33-1 at 8.
[27] *Id.* at 7.
[28] *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) ("[b]road discretion is vested in the trial court to permit or deny discovery[.]") (quoting *Goehring v. Brophy*, 94 F.3d 1294, 1305 (9th Cir. 1996)).

*Balazhi v. Allstate Property and Casualty Insurance Company*  Case No. 3:19-cv-00241-JMK
Order Denying Plaintiffs' Motion to Compel Discovery  Page 6

Case 3:19-cv-00241-JMK   Document 73   Filed 03/23/21   Page 6 of 7

IT IS SO ORDERED this 23rd day of March, 2021, at Anchorage, Alaska.

                                              */s/ Joshua M. Kindred*
                                              JOSHUA M. KINDRED
                                              United States District Judge

*Balazhi v. Allstate Property and Casualty Insurance Company*      Case No. 3:19-cv-00241-JMK
Order Denying Plaintiffs' Motion to Compel Discovery      Page 7
Case 3:19-cv-00241-JMK    Document 73    Filed 03/23/21    Page 7 of 7