IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

LJUMNIE BALAZHI, for herself and on
behalf of her Minor Child, A.B., and as
Personal Representative of the Estate of
Shaziman Balazhi,

                Plaintiff,

     v.

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,

                Defendant.

Case No. 3:19-cv-00241-JMK

**ORDER ON DEFENDANT'S
SECOND MOTION *IN LIMINE*
(DOCKET 152)**

This matter comes before the Court on Defendant's *Motion In Limine Regarding Policy Limits and Other Monetary Evidence* (Docket 152). The motion is opposed.[1] At Plaintiffs' request, the Court heard oral argument.[2] For the following reasons, the Court will grant the application.

## I. BACKGROUND

Plaintiffs seek an order *in limine* prohibiting Defendants and their counsel from:

---

[1] Docket 164 (Opposition); Docket 166 (Reply).
[2] Docket 178 (Minute Entry). At oral argument, the Court ruled from the bench on Defendant's first motion *in limine* (Docket 151), granting it in part with respect to request no. 4 and denying it in part with respect to request nos. 1–3. *Id.*

offering any comment, testimony, and/or argument to the jury about Underinsured Motorist ("UIM") policy limits, medical payments coverage limits, insurance premiums paid, the amount of plaintiffs' settlement with tortfeasor, the tortfeasor's liability limits, or any other statements or evidence regarding amounts paid to or received by plaintiffs related to the underlying motor vehicle accident.[3]

Defendant asserts that these categories of evidence warrant exclusion as irrelevant and unduly prejudicial under Rules 401 and 403, respectively, of the Federal Rules of Evidence.

Plaintiffs maintain that the evidence is relevant because each of the categories mentioned relate to Plaintiffs' underlying claim that Defendants breached the insurance contract.[4]

## II.   LEGAL STANDARD

Motions *in limine* are a part of a U.S. district court's "inherent power to manage the course of trials," even though the Federal Rules of Evidence do not expressly provide for them.[5]   A ruling on a motion *in limine* is "essentially a preliminary opinion that falls entirely within the discretion of the district court."[6]   "[A] district court may change an *in limine* ruling at trial if facts or circumstances arise to warrant the change."[7]

---

[3]   Docket 152-1 at 1–2.
[4]   Docket 164 at 2–7.
[5]   *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).
[6]   *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999).
[7]   *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017); *see also Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) ("*[I]n limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of the trial.").

*Balazhi v. Allstate Prop. & Cas. Ins. Co.*                                                    Case No. 3:19-cv-00241-JMK
Order on Defendant's Second Motion *in Limine* (Docket 152)                                    Page 2

Case 3:19-cv-00241-JMK   Document 182   Filed 08/29/22   Page 2 of 4

## III.  DISCUSSION

District courts in this circuit have excluded policy-limit and settlement-amount evidence in insurance disputes involving UIM.[8]  In the District of Alaska, our courts have looked to the Alaska Supreme Court's decision in *Gibson v. GEICO General Insurance Co.*[9]  The underlying issue in *Gibson* was whether a victim's damages put her over the UIM threshold.  The superior court had excluded evidence of the underlying insurance contract and the victim's settlement with the other driver.  On appeal, the Alaska Supreme Court affirmed, holding that the probative value of evidence regarding the contract and the settlement "was easily outweighed by the danger of unfair prejudice that might result from suggesting the appropriate range of damages awards."[10]

Following *Gibson*'s reasoning, Judge Burgess once issued an order *in limine* in a UIM trial excluding any evidence of a tortfeasor's policy limits and payments made under his insurance policy.[11]  Chief Judge Gleason ruled similarly in a recent case, ordering that in the UIM phase of the trial—the trial had been bifurcated under Rule 42(b)—all references to the plaintiffs' insurance contract with the defendant were to be excluded.[12]

In the present case, the Court will exclude the evidence in question. Plaintiffs' breach of contract claim will hinge on the jury's factual determination regarding

---

[8]  *E.g.*, *Ibey v. Trinity Universal Ins. Co.*, No. CV 12-31-M-DWM, 2013 WL 4433796, at *4 (D. Mont. Aug. 16, 2013).

[9]  153 P.3d 312 (Alaska 2007).

[10]  *Id.* at 317.

[11]  *Hickman v. State Farm Mut. Auto. Ins. Co.*, No. 3:10-cv-00121-TMB, 2011 WL 13234965, at *2–3 (D. Alaska Oct. 24, 2011).

[12]  *Lindfors v. State Farm Mut. Auto. Ins. Co.*, No. 3:20-cv-00178-SLG, 2022 WL 1241399, at *4–5 (D. Alaska Apr. 27, 2022).

*Balazhi v. Allstate Prop. & Cas. Ins. Co.*                                      Case No. 3:19-cv-00241-JMK
Order on Defendant's Second Motion *in Limine* (Docket 152)                        Page 3

Case 3:19-cv-00241-JMK   Document 182   Filed 08/29/22   Page 3 of 4

damages. Regarding that claim, the jury simply will find the amount of damages Plaintiffs suffered because of the tortfeasor's actions. The jury's factual finding then will determine whether Plaintiffs UIM-based claim succeeds. Evidence about Plaintiffs' policy limits and the tortfeasor's policy limits, how much the tortfeasor settled for, and other payment is not relevant to the amount of damages Plaintiffs suffered from the car crash. Thus, this evidence is not relevant to Plaintiffs' breach of contract claim. Defendant's request that the evidence be excluded therefore will be granted.

However, the Court recognizes that if this trial is bifurcated into a Phase 1 on the UIM-based breach of contract claim and a Phase 2 on the remaining claim,[13] the evidence in question may become relevant to the second phase of the trial. Accordingly, if the trial is bifurcated, the Court will allow Plaintiffs to revisit this evidence's admissibility at a hearing between Phase 1 and Phase 2.

## IV. CONCLUSION

For the reasons described in this order, Defendant's *Motion In Limine Regarding Policy Limits and Other Monetary Evidence* at Docket 152 is GRANTED.

IT IS SO ORDERED this 29th day of August, 2022, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

---

[13] Plaintiffs' complaint stated five causes of action: one claim for breach of contract (Claim 1); three claims for breach of the covenant of good faith and fair dealing (Claims 2, 3, and 4); and one claim for unfair trade practices (Claim 5). Docket 1-1 at 6–9, ¶¶ 13–29. The Court's order at Docket 159 granted summary judgment on Claims 2, 3, and 4. Thus, Claims 1 and 5 remain for trial.

*Balazhi v. Allstate Prop. & Cas. Ins. Co.*                                    Case No. 3:19-cv-00241-JMK
Order on Defendant's Second Motion *in Limine* (Docket 152)                     Page 4
Case 3:19-cv-00241-JMK   Document 182   Filed 08/29/22   Page 4 of 4