IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LJUMNIE BALAZHI, for herself and on behalf of her Minor Child, A.B., and as Personal Representative of the Estate of Shaziman Balazhi,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>　　　　　　　　Defendant. | Case No. 3:19-cv-00241-JMK<br><br>**ORDER ON PLAINTIFFS' APPLICATION FOR CERTIFICATION OF INTERLOCUTORY APPEAL (DOCKET 171)** |

This matter comes before the Court on Plaintiffs' *Second Application for Certification Permitting Interlocutory Appeal* at Docket 171. The application is opposed.[1] Oral argument was not requested and was not necessary. For the following reasons, the Court will deny the application.

## I. BACKGROUND

On May 16, 2022, the Court issued an order granting partial summary judgment in Defendant's favor on the issue of Plaintiffs' claim of tortious breach of the

---

[1] Docket 175 (Opposition); Docket 176 (Reply).

covenant of good faith and fair dealing under Alaska law.[2] Plaintiffs now seek to take an immediate interlocutory appeal of that order under 28 U.S.C. § 1292(b). Plaintiffs assert that the Court erred "due to Defendant insurer having told the Plaintiffs that their claims had no value without considering the Plaintiffs' ongoing and future medical expenses, economic losses (such as Shaziman Balazhi's lost wages and capacity to earn) and non-economic damages."[3] Plaintiffs assert that this is a controlling question of law on which there is substantial ground for difference of opinion. Plaintiffs further assert that an interlocutory appeal would materially advance this litigation's ultimate termination because, if the Ninth Circuit cannot hear an immediate appeal of this issue, it "could cause a retrial" or bifurcation of the upcoming trial.[4]

Defendant opposes the application. Defendant maintains that the Court did not err in its evaluation of Plaintiffs' evidence under the summary judgment standard.[5] Defendant also maintains that an interlocutory appeal is not warranted because the Court's order did not present any controlling question of law.[6]

## II. LEGAL STANDARD

Under 28 U.S.C. § 1292(b), district courts may certify an order for interlocutory appeal when the judge "shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion

---

[2] Docket 159.
[3] Docket 171 at 2–3.
[4] *Id.* at 6–7.
[5] Docket 175 at 3–4.
[6] *Id.* at 4–6.

*Balazhi v. Allstate Prop. & Cas. Ins. Co.*     Case No. 3:19-cv-00241-JMK
Order on Plaintiffs' Application for Certification of Interlocutory Appeal     Page 2
Case 3:19-cv-00241-JMK    Document 187    Filed 09/06/22    Page 2 of 5

and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."[7]  Congress intended district courts to use § 1292(b) "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation."[8]  The party pursuing the interlocutory appeal bears the burden to establish that § 1292(b)'s requirements are met.[9]

Regarding § 1292(b)'s "substantial ground for difference of opinion" requirement, the question for the Court is "to what extent the controlling law is unclear."[10]  The Ninth Circuit has explained:  "That settled law might be applied differently does not establish a substantial ground for difference of opinion."[11]  Furthermore, "a party's strong

---

[7] It is not fully clear whether § 1292(b) applies to dispositive orders such as partial summary judgment grants.  Some district courts in this circuit have interpreted § 1292(b) to apply only to non-dispositive orders.  *See, e.g.*, *Tsyn v. Wells Fargo Advisors, LLC*, No. 14-cv-02552-LB, 2016 WL 1718139, at *3 (N.D. Cal. Apr. 29, 2016) ("Section 1292(b) 'provides a means for litigants to bring an immediate appeal of a non-dispositive order . . . ." (quoting *Sateriale v. RJ Reynolds Tobacco Co.*, No. 2:09-CV-08394-CAS, 2015 WL 3767424, at *2 (C.D. Cal. June 17, 2015))).  And some Ninth Circuit precedents suggest that the proper procedure in such circumstances is to file a Rule 54(b) motion.  *See, e.g.*, *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 627–28 (9th Cir. 2015) ("'[A]n order granting partial summary judgment is usually not an appealable final order under 28 U.S.C. § 1291 because it does not dispose of all the claims.'  An important exception is found in Rule 54(b) . . . ." (quoting *Am. States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 884 (9th Cir. 2003))).
  The Circuit discussed the differences between § 1292(b) applications and Rule 54(b) motions in *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064 (9th Cir. 2002).  In *dicta*, the *James* court suggested that § 1292(b) cannot be used for dispositive orders.  *See id.* at 1067 n.6.  But the Circuit has accepted appeals of partial summary judgment grants under § 1292(b) both before and since *James*.  *See Juliana v. United States*, 947 F.3d 1159, 1165–66 (9th Cir. 2020); *Klem v. Cnty. of Santa Clara, Cal.*, 208 F.3d 1085, 1089 (9th Cir. 2000); *see also Solis v. Jasmine Hall Care Homes, Inc.*, 610 F.3d 541, 543 (9th Cir. 2010) (per curiam) (dismissing an appeal of a partial summary judgment grant because, among other reasons, "[t]he district court did not certify the appeal under 28 U.S.C. § 1292(b)").  For this reason, the Court accepts Plaintiffs' present application as properly filed under § 1292(b).
[8] *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981).
[9] *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).
[10] *Id.*
[11] *Id.*

*Balazhi v. Allstate Prop. & Cas. Ins. Co.*  Case No. 3:19-cv-00241-JMK
Order on Plaintiffs' Application for Certification of Interlocutory Appeal  Page 3
Case 3:19-cv-00241-JMK   Document 187   Filed 09/06/22   Page 3 of 5

disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference.'"[12]

## III. DISCUSSION

In this case, the basis for Plaintiffs' application is their disagreement with the Court's application of settled Alaska law. Plaintiffs assert that the Court erred in its evaluation of the evidence the parties presented on summary judgment. Plaintiffs criticize the Court's interpretation of the Alaska Supreme Court's decision in *Lockwood v. GEICO General Insurance Co.*,[13] asserting that *Lockwood* should have dictated a conclusion that this case presented a genuine dispute of material fact for a jury to decide.[14]

But regardless of whether Plaintiffs' arguments about *Lockwood* are correct,[15] Plaintiffs' assertions are nothing more than allegations that the Court "should have applied settled law differently."[16] Under controlling Ninth Circuit precedent, such assertions do not demonstrate the existence of "substantial ground for difference of opinion" on a controlling question of law.[17] The Court therefore concludes that Plaintiffs' application does not meet the requirements of § 1292(b).

---

[12] *Id.* (quoting *Couch v. Telescope, Inc.*, No. 2:07-cv-03916-FMC-VBKx, 2008 WL 11363646, at *3 (C.D. Cal. Mar. 26, 2008)).
[13] 323 P.3d 691 (Alaska 2014).
[14] Docket 171 at 2–7; Docket 176 at 1–3.
[15] As the Court mentioned in its summary judgment order, Docket 159 at 5, Alaska's summary judgment standard is much more "lenient" than the federal summary judgment standard. *Christensen v. Alaska Sales & Serv., Inc.*, 335 P.3d 514, 520–21 & n.51 (Alaska 2014). For that reason, *Lockwood*'s conclusion that certain evidence was sufficient to survive summary judgment under the Alaska state-law standard was of limited relevance to the Court's ruling.
[16] *Couch*, 611 F.3d at 633.
[17] *Id.*

*Balazhi v. Allstate Prop. & Cas. Ins. Co.*     Case No. 3:19-cv-00241-JMK
Order on Plaintiffs' Application for Certification of Interlocutory Appeal     Page 4
Case 3:19-cv-00241-JMK    Document 187    Filed 09/06/22    Page 4 of 5

Accordingly, Plaintiffs' *Second Application for Certification Permitting Interlocutory Appeal* at Docket 171 is DENIED.

IT IS SO ORDERED this 6th day of September, 2022, at Anchorage, Alaska.

                                              */s/ Joshua M. Kindred*
                                              JOSHUA M. KINDRED
                                              United States District Judge

*Balazhi v. Allstate Prop. & Cas. Ins. Co.*                                                                                 Case No. 3:19-cv-00241-JMK
Order on Plaintiffs' Application for Certification of Interlocutory Appeal                           Page 5
Case 3:19-cv-00241-JMK    Document 187    Filed 09/06/22    Page 5 of 5