IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LJUMNIE BALAZHI, for herself and on behalf of her Minor Child, A.B., and as Personal Representative of the Estate of Shaziman Balazhi,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>Defendant. | Case No. 3:19-cv-00241-JMK<br><br>**ORDER *SUA SPONTE* GRANTING SUMMARY JUDGMENT ON PLAINTIFFS' UNFAIR TRADE PRACTICES CLAIM (CLAIM 5)** |

This matter comes before the Court pursuant to the Court's Order at Docket 192 ordering Plaintiffs to show cause as to why the Court should not *sua sponte* grant summary judgment in Defendant's favor on Claim 5 of Plaintiffs' Complaint. Plaintiffs timely responded at Docket 193. For the reasons described in this Order, the Court *sua sponte* will grant summary judgment in Defendant's favor on Claim 5.

### I. BACKGROUND & DISCUSSION

In Claim 5 of their Complaint, Plaintiffs stated a claim against Defendant Allstate Property and Casualty Insurance Company for "engaging in unfair trade practices,

including Allstate's failure to properly settle Plaintiffs' [Underinsured Motorist] claim."[1] Plaintiffs' claim seeks at least $250,000 in compensatory damages and an unspecified amount of punitive damages for Allstate's alleged unfair trade practices.[2]

Plaintiffs' Complaint does not cite or reference any statute for Claim 5.[3] Nor does their response to the Court's Order to Show Cause reference any specific statutes. In a previous filing, Plaintiffs made a cursory assertion that Claim 5 "refer[red] to common law breaches of duty."[4] But as the Court explained in its Order to Show Cause at Docket 192, the Court is not aware of any authority supporting the existence of a generally recognized common law tort for unfair trade practices of the kind Plaintiffs allege in Claim 5.[5] As the Court's Order explained, the Court assumes that Claim 5 is brought under Alaska statutory law. Plaintiffs' response to the Court's Order did not elaborate on their assertion or identify any contrary legal authorities.

The Alaska Unfair Trade Practices and Consumer Protection Act (UTPA), Alaska Stat. §§ 45.50.471–.561, creates a private cause of action for "unfair trade practices."[6] The UTPA does not apply to trade practices involving "the business of insurance."[7] Instead, insurance-related unfair trade practices are governed by a separate statute, the Alaska Unfair Claims Settlement Practices Act (UCSA), Alaska Stat.

---

[1] Docket 1-1 ¶ 28.
[2] *Id.*
[3] *See* Docket 1-1 ¶¶ 27–29.
[4] Docket 190 at 2.
[5] Docket 192 at 4 n.14.
[6] Alaska Stat. § 45.50.531(a).
[7] *Cornelison v. TIG Ins. Co.*, 376 P.3d 1255, 1269 (Alaska 2016); *see also* Alaska Stat. § 45.50.481(a)(3) (exempting "an act or transaction regulated under AS 21.36"—the trade practices and frauds chapter of the insurance statutes—from the UTPA statute).

*Balazhi, et al. v. Allstate Prop. & Cas. Ins. Co.*     Case No. 3:19-cv-00241-JMK
Order *Sua Sponte* Granting Summary Judgment on Plaintiffs' Unfair Trade Practices Claim     Page 2
Case 3:19-cv-00241-JMK   Document 194   Filed 11/01/22   Page 2 of 4

§ 21.36.125.[8] The UCSA prohibits 17 separate acts and practices in the settlement of insurance claims.[9] But the UCSA also specifies that its provisions "do not create or imply a private cause of action for a violation of this section."[10] The Alaska Supreme Court consistently has interpreted this provision to bar private suits brought by policyholders and third-party claimants against insurers for unfair claims settlement.[11] The Court therefore recognized that, regarding Claim 5, Allstate was entitled to judgment as a matter of law.

The Court set forth this reasoning in its Order to Show Cause at Docket 192, giving notice of its intent to *sua sponte* grant summary judgment in Allstate's favor on Claim 5 unless Plaintiffs showed cause to the contrary within 21 days.[12] Plaintiffs timely responded to the Court's Order.[13] But their response fails to show sufficient cause to dissuade the Court from granting summary judgment. Plaintiffs' filing consists of a recitation of their factual allegations regarding Claim 5 and their associated evidence. It recounts Plaintiffs' assertions that Allstate acted unreasonably in its handling of their UIM claim. Their filing does not discuss the legal authorities the Court's Order identified that prevent them from asserting a private cause of action against Allstate under either the

---

[8] See *Cornelison*, 376 P.3d at 1269.
[9] Alaska Stat. § 21.36.125(a).
[10] Alaska Stat. § 21.36.125(b).
[11] *E.g.*, *Lockwood v. Geico Gen. Ins. Co.*, 323 P.3d 691, 697 n.15 (Alaska 2014); *O.K. Lumber Co. v. Providence Wash. Ins. Co.*, 759 P.2d 523, 526–27 (Alaska 1988).
[12] See *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 654–55 (9th Cir. 2016) ("[A court] may grant summary judgment *sua sponte* to a nonmoving party if, drawing all reasonable inferences in favor of the [opposing] party, there are no genuine issues of material fact, the [opposing] party has 'be[en] given reasonable notice that the sufficiency of his or her claim will be in issue,' and the nonmoving party is entitled to summary judgment as a matter of law." (fourth alteration in original) (quoting *Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2014))).
[13] Docket 193.

*Balazhi, et al. v. Allstate Prop. & Cas. Ins. Co.*                                                                               Case No. 3:19-cv-00241-JMK
Order *Sua Sponte* Granting Summary Judgment on Plaintiffs' Unfair Trade Practices Claim     Page 3
Case 3:19-cv-00241-JMK    Document 194    Filed 11/01/22    Page 3 of 4

*Balazhi, et al. v. Allstate Prop. & Cas. Ins. Co.*  Case No. 3:19-cv-00241-JMK
Order *Sua Sponte* Granting Summary Judgment on Plaintiffs' Unfair Trade Practices Claim    Page 3
Case 3:19-cv-00241-JMK   Document 194   Filed 11/01/22   Page 3 of 4

Alaska UTPA or UCSA statutes. Nor does it provide any legal authority that might support the viability of Claim 5 under Alaska common law.[14] Therefore, having given Plaintiffs the requisite "reasonable notice that the sufficiency of [their] claim" was at stake,[15] the Court *sua sponte* grants summary judgment in Allstate's favor on Claim 5 under Rule 56(f).

## II. CONCLUSION

The Court previously has concluded that, regarding Claim 5 of Plaintiff's Complaint, there are no genuine issues of material fact and Allstate is entitled to judgment as a matter of law. The Court gave Plaintiffs notice of its intent to *sua sponte* grant summary judgment on Claim 5 unless Plaintiffs showed cause to the contrary. Plaintiffs failed to show such cause. Accordingly, under Rule 56(f) of the Federal Rules of Civil Procedure, the Court hereby *sua sponte* GRANTS summary judgment in Defendant's favor on Claim 5 of Plaintiffs' Complaint.

IT IS SO ORDERED this 1st day of November, 2022, at Anchorage, Alaska.

                                           */s/ Joshua M. Kindred*
                                           JOSHUA M. KINDRED
                                           United States District Judge

---

[14] *See* Docket 193 at 1–4.
[15] *Albino*, 747 F.3d at 1176.

*Balazhi, et al. v. Allstate Prop. & Cas. Ins. Co.*          Case No. 3:19-cv-00241-JMK
Order *Sua Sponte* Granting Summary Judgment on Plaintiffs' Unfair Trade Practices Claim       Page 4
Case 3:19-cv-00241-JMK   Document 194   Filed 11/01/22   Page 4 of 4