IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LJUMNIE BALAZHI, for herself and on behalf of her Minor Child, A.B., and as Personal Representative of the Estate of Shaziman Balazhi,<br><br>                    Plaintiffs,<br><br>v.<br><br>ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY,<br><br>                    Defendant. | Case No. 3:19-cv-00241-JMK<br><br>**ORDER ON DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' TRIAL WITNESS LIST**<br>**(Docket 205)** |

      Before the Court at Docket 205 is Defendant Allstate Property and Casualty Insurance Company's *Motion to Strike Plaintiffs' Trial Witness List.* The motion is opposed.[1] The Court heard oral argument on the motion at a Continued Final Pre-Trial Conference held on January 3, 2023. Having issued a basic summary of its ruling from the bench, the Court now supplements its ruling with this written order. An additional conference on these matters is scheduled for the morning of Friday, January 6, 2023.[2]

---

[1] Docket 216 (Opposition); Docket 215 (Reply). Defendant's opposition originally was filed at Docket 213.

[2] At Tuesday's Continued Final Pretrial Conference, the Court told the parties that they should prepare to discuss objections to the proposed jury instructions at the Friday conference. However, due to a change in the Court's schedule, the Court will postpone discussion of the jury instructions until the morning of Monday, January 9, 2023.

## DISCUSSION

On December 19, 2022, Plaintiffs filed a *Final Witness List* that includes fifty witnesses.[3] Allstate has moved to strike the list on multiple grounds: (1) it contains witnesses whom, by virtue of the limited duration of the trial, Plaintiffs almost certainly will not call to testify in violation of the Court's Trial Scheduling Order[4]; (2) it contains myriad witnesses whose testimony would appear to be duplicative; (3) it contains certain witnesses whose testimony must be struck under Federal Rule of Evidence 401 or 403; (4) it contains nineteen treating physicians and medical providers that Plaintiffs did not properly disclose under Federal Rule of Civil Procedure 26(a)(2)(B) or 26(a)(2)(C).

Plaintiffs oppose. First, Plaintiffs maintain that they intend to call most witnesses on the Final Witness List, but acknowledge that the list contains "medical providers who they intend to call to trial in the event of another provider's unavailability."[5] Plaintiffs also argue that the testimony will not be duplicative, but that regardless, Allstate's request is premature.[6] Finally, Plaintiffs assert that they disclosed the treating physicians in their initial witness list over three years ago, along with the topics on which each physician would testify. It is unclear to the Court whether Plaintiffs argue that this satisfies the requirements of Rule 26(a)(2)(C), or that if there were a violation, Allstate has suffered no prejudice. Plaintiffs do not address the specific witnesses Allstate moves to strike under Rule 403.

---

[3] Docket 203.
[4] *See* Docket 179 ("This trial witness list will disclose only those witnesses whom the party will in fact call at trial.").
[5] Docket 216 at 3.
[6] *Id.* at 4.

*Balazhi v. Allstate Prop. & Cas. Ins. Co.*     Case No. 3:19-cv-00241-JMK
Order on Defendant's Motion to Strike Plaintiffs' Trial Witness List     Page 2
Case 3:19-cv-00241-JMK   Document 222   Filed 01/05/23   Page 2 of 10

A.      **Length of Witness List**

Allstate moves to strike Plaintiffs' witness list, as a whole, for violating the Court's instruction that the Final Witness List "will disclose only those witnesses whom the party will in fact call at trial."[7] Allstate argues that the witness list is "useless" and unfairly prejudicial because it forces Allstate to "guess" which of the fifty witnesses Plaintiffs actually will call to the stand, thereby preventing them from adequality preparing for trial.[8] In response, Plaintiffs acknowledge that the witness list includes an unspecified number of alternate witnesses to preserve their ability to call them at trial "given the possibility of witness unavailability."[9]

The Court shares Allstate's frustration with Plaintiffs' inability to provide a realistic witness list. After multiple rounds of briefing and hearings, the Court limited Plaintiffs' request for a six-week trial to three weeks, highlighting that this is a straightforward breach of contract case. Plaintiffs apparently refuse to digest the Court's instruction that they have approximately one week to present their case. On the eve of trial, Plaintiffs have yet to provide Allstate with a realistic witness list or, at the very least, any indication as to which witnesses are "alternates." This undoubtedly is prejudicial and impacts Allstate's ability to prepare for trial.

Allstate's motion is **GRANTED**. The Final Witness List at Docket 203 is **STRICKEN**. As the Court ordered at the Continued Final Pretrial Conference, Plaintiffs are required to submit a revised Final Witness List by **Thursday, January 5, 2023**. The Final Witness List shall include <u>only</u> those witnesses Plaintiff realistically will call at trial and shall be listed in the order in which they will be called. Any "alternate" witnesses must be designated as such, and

---

[7] Docket 179 at 2.
[8] Docket 205-1 at 6.
[9] Docket 216 at 3.

*Balazhi v. Allstate Prop. & Cas. Ins. Co.* Case No. 3:19-cv-00241-JMK
Order on Defendant's Motion to Strike Plaintiffs' Trial Witness List Page 3
Case 3:19-cv-00241-JMK   Document 222   Filed 01/05/23   Page 3 of 10

Plaintiffs are advised to limit the number of alternate witnesses. Failure to comply with this Order will result in sanctions yet to be determined.

**B.  Potentially Cumulative Testimony**

Allstate next argues that Plaintiffs' Final Witness List contains duplicative witnesses in violation of Federal Rule of Evidence 403,[10] and it requests that the Court order Plaintiffs to "pare down their Final Witness List to include no more than one or two witnesses to speak on each issue."[11] Plaintiffs respond that each witness will give unique testimony, but that, in any event, Defendant's motion is premature.[12] The Court agrees. Without the testimony before the Court, any ruling on cumulative evidence would be purely speculative. Allstate's request is **DENIED without prejudice.**

However, based only on the Final Witness List, it appears possible—if not probable—that some witnesses will be duplicative. The Court cautions Plaintiffs that it will entertain a renewed objection on this ground during trial.

**C.  Other Witnesses**

Allstate also seeks to exclude several of Plaintiffs' other witnesses—Harmony Lucas; Philip Mendoza, MD; and two providers from Empower Physical Therapy—from testifying at trial. It also moves to exclude four nurse practitioners who provided medical services to Shaziman Balazhi during the course of his treatment for pancreatic cancer.[13]

---

[10] Under Rule 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."
[11] Docket 205-1 at 8.
[12] Docket 216 at 4.
[13] Docket 205-1 at 10.

*Balazhi v. Allstate Prop. & Cas. Ins. Co.*  Case No. 3:19-cv-00241-JMK
Order on Defendant's Motion to Strike Plaintiffs' Trial Witness List  Page 4
Case 3:19-cv-00241-JMK   Document 222   Filed 01/05/23   Page 4 of 10

**Harmony Lucas.** The Court reiterates its ruling from the bench that Lucas is excluded from testifying. Lucas is a former claims adjuster for Allstate. Allowing her to testify would frustrate the Court's previous order *in limine* prohibiting the parties from mentioning the insurer-insured relationship between Allstate and Plaintiffs. Furthermore, her potential testimony is not relevant to the remaining claim in this case. Accordingly, Allstate's request is **GRANTED**, and Harmony Lucas is excluded as a testifying witness.

**Philip Mendoza, MD.** Allstate seeks to exclude treating physician Dr. Philip Mendoza from testifying at trial. Allstate alleges that it "has not been provided a single treatment record for any of the plaintiffs which was authored by Dr. Mendoza." It asserts that allowing Dr. Mendoza to testify therefore would be unfairly prejudicial and would violate Federal Rule of Evidence 403.[14] Plaintiffs' opposition memorandum does not respond to this allegation.[15]

The Court will **GRANT** Allstate's request. Dr. Mendoza was among the treating physicians for whom Plaintiffs never made the requisite Rule 26(a)(2)(C) disclosure. Discussed below, the Court declines to entirely exclude Plaintiffs' treating physician witnesses, in part, because Allstate had notice of the treating physicians and had copies of their relevant treatment records. But given that Plaintiffs have apparently never provided any treatment records for Dr. Mendoza, the Court finds that Rule 37(c)'s default sanction of exclusion is warranted. To impose a lesser sanction likely would unfairly prejudice Allstate's ability to mount a defense.

**Empower Physical Therapy Witnesses (Justin Handy and Morgan Borkovec).** Allstate seeks to exclude Justin Handy and Morgan Borkovec, physical therapists from Empower Physical Therapy who have treated Plaintiffs, from testifying at trial. Allstate alleges that Plaintiffs

---

[14] *Id.* at 9.
[15] *See* Docket 213.

*Balazhi v. Allstate Prop. & Cas. Ins. Co.*      Case No. 3:19-cv-00241-JMK
Order on Defendant's Motion to Strike Plaintiffs' Trial Witness List      Page 5

Case 3:19-cv-00241-JMK   Document 222   Filed 01/05/23   Page 5 of 10

did not disclose any treatment records from Empower Physical Therapy until December 2, 2022, approximately one month before the commencement of trial. Allstate asserts that under Rule 403, allowing Handy and Borkovec to testify therefore would unduly prejudice its defense.[16] As with Dr. Mendoza, Plaintiffs' opposition memorandum does not directly respond to Allstate's argument.[17]

The Court declines to address these two witnesses at present, given the limited information the Court has regarding the nature and extent of the medical records at issue. The Court will inquire into this matter further at the hearing scheduled on the morning of Friday, January 6, 2023, and will make an appropriate ruling from the bench.

**Providence Nurses.** Allstate moves to exclude Shaziman Balazhi's nurse practitioners as irrelevant under Rule 401 and prejudicial under Rule 403, arguing that any testimony provided by the nurses would relate to Mr. Balazhi's cancer rather than injuries sustained in his car accident, and therefore confuse the jury.[18] Again, this argument would require the Court to speculate as to the content of the witnesses' testimony. This request is premature, and as such, is **DENIED without prejudice**. The Court invites Allstate to renew its objection at trial and warns Plaintiffs that any testimony offered by the nurse witnesses must relate to injuries that Mr. Balazhi sustained in the underlying motor vehicle accident.

D.  **Plaintiffs' Treating Physician Witnesses**

At the outset, the parties have appeared to resolve whether Plaintiffs' treating physicians are governed by Federal Rule of Civil Procedure 26(a)(2)(B) or 26(a)(2)(C). In its motion, Allstate argues that Plaintiffs have failed to disclose the treating physicians under

---

[16] Docket 205-1 at 9.
[17] *See* Docket 213.
[18] Docket 205-1 at 10.

*Balazhi v. Allstate Prop. & Cas. Ins. Co.*   Case No. 3:19-cv-00241-JMK
Order on Defendant's Motion to Strike Plaintiffs' Trial Witness List   Page 6
Case 3:19-cv-00241-JMK   Document 222   Filed 01/05/23   Page 6 of 10

Rule 26(a)(2)(C), but "[e]ven more concerning, it is abundantly clear that plaintiffs intend to elicit testimony from these treating physicians [sic] opinions not expressed in the medical records disclosed during the course of discovery"[19] and, as such, they would have been required to submit an expert report under Rule 26(a)(2)(B).[20] Plaintiffs respond that the treating physicians are expected to testify only as to opinions developed during the course of their treatment and based on their own medical records.[21] Allstate does not object to this, but it expresses hesitation that the experts will abide by this rule.[22] The Court will analyze the treating physicians as non-retained experts under Rule 26(a)(2)(C) and Allstate may object at trial if testimony exceeds those bounds.

Federal Rule of Civil Procedure 26(a)(2)(C) requires parties to provide an initial disclosure for any testifying "non-retained expert witness"—such as a non-retained treating physician[23]—that states "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."[24] Rule 37(c)(1) "gives teeth" to the disclosure requirements of Rule 26.[25] Rule 37(c)(1) provides that a party who fails to identify a witness as required by Rule 26(a) is not allowed to use that witness at trial unless that failure was "substantially justified" or "harmless." Exclusion under Rule 37(c)(1) is a "self-executing" and

---

[19] *Id.* at 13.
[20] *See Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011) ("[A] treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment.").
[21] Docket 216 at 7.
[22] Docket 215 at 8–9.
[23] The Court and the parties often have used the terms "non-retained expert witness," "treating physician," and "hybrid expert witness" interchangeably when referring to witnesses governed by Rule 26(a)(2)(C). For specificity, this order will refer to these witnesses as "treating physicians."
[24] *See* Fed. R. Civ. P. 26(a)(2)(C); *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 739–40 (9th Cir. 2021).
[25] *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 249 F.3d 1001, 1106 (9th Cir. 2001).

*Balazhi v. Allstate Prop. & Cas. Ins. Co.*            Case No. 3:19-cv-00241-JMK
Order on Defendant's Motion to Strike Plaintiffs' Trial Witness List      Page 7
Case 3:19-cv-00241-JMK    Document 222    Filed 01/05/23    Page 7 of 10

"automatic" sanction[26] "designed to provide a strong inducement for disclosure."[27] But Rule 37(c)(1)'s automatic nature does not *require* courts to exclude evidence as a sanction.[28] Rule 37(c)(1) provides that, "in addition to or instead of" the exclusion sanction, a court may impose other appropriate sanctions, such as attorney's fees or informing the jury of the party's failure to disclose.[29] "[A] party facing sanctions under [Rule 37] bears the burden of showing that a sanction other than exclusion is better suited to the circumstances."[30]

Here, the boilerplate statements Plaintiffs included on their initial and final witness lists fail to comply with the Rule 26(a)(2)(C)(ii) requirement to provide "a summary of the facts and opinions to which the witness is expected to testify." For each treating physician, the witness list claims that the physician will "testify consistent with his medical records as to his diagnosis and treatment of [Plaintiffs] and his prognosis as to [Plaintiff A.B.] to include future treatment and medical conditions," and for some witnesses, "[i]t is also anticipated that [the witness] will defend his diagnosis and prognosis in light of the opinions of [Allstate's] retained expert witnesses."[31] Plaintiffs' disclosures state that these treating physicians will testify to "treatments," "diagnoses," and "prognoses," but they fail to say, for example, what these "prognoses" actually are.[32] Such a failure hamstrings Allstate's ability to assess whether to take these witnesses' depositions and to

---

[26] *Id.*
[27] *Goodman*, 644 F.3d at 827.
[28] *See Merchant*, 993 F.3d at 740.
[29] *Id.*
[30] *Id.* at 741.
[31] *See generally* Docket 203.
[32] *See Jenkins v. Richardson*, No. 3:20-cv-00086-HRH, 2021 WL 2581413, at *1 (D. Alaska June 23, 2021) ("Plaintiff's witness list does not include a discrete, witness-by-witness disclosure of the subject matter or the facts and opinions which each non-retained (treating physician) witness would offer. Instead, plaintiff's witness list incorporates a 'one-size-fits-all' statement that MDs and other health care providers will give expert opinions" as to certain topics).

*Balazhi v. Allstate Prop. & Cas. Ins. Co.*     Case No. 3:19-cv-00241-JMK
Order on Defendant's Motion to Strike Plaintiffs' Trial Witness List     Page 8

Case 3:19-cv-00241-JMK    Document 222    Filed 01/05/23    Page 8 of 10

help their own expert witnesses prepare rebuttal testimony. The Court finds that these failures have been prejudicial to Allstate's case and, therefore, are not harmless.

Although Plaintiffs undoubtedly have failed to comply with the requirements of Rule 26(a)(2)(C), the Court does not find exclusion to be an appropriate remedy. This is not the paradigmatic case in which a party springs a surprise expert witness on an unsuspecting opponent on the eve of trial. Allstate has known since 2019, when Plaintiffs filed their initial witness list, that Plaintiffs intended to call these witnesses as treating physicians. This fact militates against the seriousness of Plaintiffs' failure to comply with Rule 26(a)(2)(C). The Court therefore finds that excluding Plaintiffs' treating physicians entirely would be an overly harsh sanction, particularly since total exclusion would likely be fatal to Plaintiffs' case.[33]

Instead, the Count finds that the appropriate sanction for Plaintiffs' failures is to strike Plaintiffs' Final Witness List and require them to submit a new list that complies with Rule 26(a)(2)(C). The treating physicians' opinion testimony will be limited to those opinions formed in the course of their own evaluations and treatment of Plaintiffs. Plaintiffs' treating physicians shall not give any opinion testimony derived from sources other than their own examinations and evaluations of Plaintiffs as contained in the medical records.[34] Allstate's request is **GRANTED IN PART.**

---

[33] *See Merchant*, 993 F.3d at 740–41 ("[I]f a Rule 37(c)(1) sanction will 'deal[] a fatal blow' to a party's claim, a district court must consider (1) 'whether the claimed noncompliance involved willfulness, fault, or bad faith' and (2) 'the availability of lesser sanctions.'" (second alteration in original) (quoting *R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246–48 (9th Cir. 2012)).

[34] In its Reply and at the Continued Final Pretrial Conference, Allstate voiced concern that Plaintiffs provided updated medical records indicating that treating physician Dr. Alfred Collins had reviewed the reports of Allstate's retained expert and was including rebuttal opinions in those medical records. Plaintiffs disputed Allstate's assertion. The Court is not equipped to rule on this issue without an evidentiary record and will resolve this factual dispute regarding Dr. Collins's testimony at a future hearing.

*Balazhi v. Allstate Prop. & Cas. Ins. Co.*   Case No. 3:19-cv-00241-JMK
Order on Defendant's Motion to Strike Plaintiffs' Trial Witness List   Page 9
Case 3:19-cv-00241-JMK   Document 222   Filed 01/05/23   Page 9 of 10

## CONCLUSION

For the reasons described in this order, the Court rules as follows: Plaintiffs' *Trial Witness List* is stricken in its entirety. **On or before 5:00 PM on Thursday, January 5, 2023**, Plaintiffs shall file an amended trial witness list that includes proper Rule 26(a)(2)(C) summaries for each of their treating physicians. If Plaintiffs fail to do so, the Court will entirely exclude these witnesses from testifying at trial.

IT IS SO ORDERED this 5th day of January, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

*Balazhi v. Allstate Prop. & Cas. Ins. Co.*     Case No. 3:19-cv-00241-JMK
Order on Defendant's Motion to Strike Plaintiffs' Trial Witness List     Page 10

Case 3:19-cv-00241-JMK    Document 222    Filed 01/05/23    Page 10 of 10